**Neil RULLO, Plaintiff,**

v.

**Ramon RODRIGUEZ, Chairman of New York State Board of Parole, Gerald M. Burke, Commissioner, Joseph V. Salo, Commissioner, and Manuel Parron, Commissioner, Defendants.**

No. 84 Civ. 7432(CBM).

United States District Court, S.D. New York.

Jan. 22, 1985.

Irwin Klein, New York City, for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y. by Caren S. Brutten, Asst. Atty. Gen., New York City, for defendants.

MOTLEY, Chief Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action is now before the court on the application of plaintiff, Neil Rullo, for a preliminary injunction to restrain defendants Ramon J. Rodriguez, Chairman of New York State Board of Parole, Gerald M. Burke, Commissioner, Joseph V. Salo, Commissioner and Manuel Parron, Commissioner from continuing plaintiff's detention and preventing plaintiff's participation in a temporary work release program.

Plaintiff, Neil Rullo was sentenced on May 15, 1981 in New York County Supreme Court to a term of one year to three years for criminal sale of a controlled substance in the third degree, class A–III felony. Plaintiff was also sentenced on April 30, 1982 to a term of three years to life for criminal possession of a controlled substance second degree, Class A–II felony. Both sentences were to run concurrently because the charges arose from the same arrest.

On March 27, 1983, Neil Rullo applied for work release based on the earliest release date of May 13, 1984. On June 13, 1983, plaintiff was permitted to participate in the temporary work release program pursuant to Article 26 of the Corrections Law since he was eligible for parole within one year. Subsequently, he was transferred to a less restrictive facility. Plaintiff commenced employment on June 20, 1983 with Albert's Limosine and continued for a period of seven months just prior to the sale of the company. New employment was secured with J.B.J. Flooring by plaintiff for an apprenticeship position.

Plaintiff appeared before the Parole Board on March 27, 1984 for his initial parole board hearing. He was advised of the Parole Board decision to extend his minimum period of incarceration for two years. The Parole Board scheduled the next hearing for March, 1986. Plaintiff was removed from the work release program and subsequently transferred to a maximum security facility on March 30, 1984. On April 2, 1984, he was transferred to Downstate where he presently resides.

On April 18, 1984, plaintiff brought a petition for writ of habeas corpus in the Supreme Court, Westchester County, challenging the Parole Board decision denying plaintiff's early release. This petition for habeas corpus was denied by Judge Marbach on June 7, 1984 and plaintiff filed Notice of Appeal from that decision on June 8, 1984. Apparently, his appeal presently is pending.

On October 17, 1984, plaintiff commenced this action under 42 U.S.C. Section 1983. Plaintiff claimed that he was denied a due process hearing when the Parole Board determined to extend his parole date thus rendering him ineligible for participation in the temporary work release program. Plaintiff contends that he was not given notice of his removal from the work release program and that he was not given a hearing or written statement of the reasons for such removal. Plaintiff further asserts that he merely was informed verbally that when the Parole Board extended his parole release date, beyond one year, he was thereby rendered ineligible for continued participation in the program.

In addition, he contends that he did not engage in the type of behavior or violate any rules that would require removal from the program. Plaintiff contends that the Parole Board's decision to extend his parole

release date was based solely on the serious nature of the initial offense. The reason stated by the Parole Board was that the "guidelines do not account for the significant amount of drug involved in this case."

For the reasons set forth below, plaintiff's motion for preliminary injunction is denied and the action is hereby discontinued.

## DISCUSSION

Plaintiff's petition for writ of habeas corpus is based on the ground that plaintiff has been unlawfully deprived of his liberty by the decision of the Parole Board extending his parole release date and thereby rendering him ineligible for continued participation in the temporary work release program. This action is now before the court on plaintiff's motion for preliminary injunction. On November 28, 1984, the parties came before the court for oral argument after which the court ordered the parties to submit stipulated facts regarding the prior proceedings relevant to this action. Such facts are incorporated herein.

On April 18, 1984, Plaintiff petitioned the Supreme Court of the State of New York, Westchester County, for a writ of habeas corpus. The petition was based on the ground that he was unlawfully deprived of his constitutional liberty by the March 27, 1984 decision of the Parole Board denying him parole and extending his incarceration two years which resulted in his removal from the temporary work release program. In this petition, Plaintiff contended that the Parole Board's decision was arbitrary, capricious, and an abuse of discretion.

Approximately four months later, plaintiff commenced the present action in this Court seeking essentially the same relief for the claimed deprivation of due process. The defendants submitted a supplemental memorandum of law in which they argue that the issues raised by plaintiff either were or could have been litigated in his state court proceeding and that the state court judgment therefore bars plaintiff from bringing the same claim to a federal forum. This contention is correct.

Under 28 U.S.C. § 1738, federal courts must give the same full faith and credit to prior state-court judgments as would the courts of the state:

> [A]cts, records and judicial proceedings or copies ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

In suits under various provisions of the Civil Rights Act, the federal courts have accorded state-court judgments the preclusive effect required by Section 1738 with respect to claims actually litigated. See, e.g., *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State for which the judgments emerged."); *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 274 (2d Cir.1977).

■ The Supreme Court has held that Section 1983 does not override state preclusion and guarantee a federal forum for federal claims once a proceeding has commenced in state court. Under the doctrine of *res judicata*, a plaintiff may be barred from relitigating or litigating a federal claim that was either litigated or could have been litigated, in the prior state court proceeding. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 896–97, 79 L.Ed.2d 56 (1984). Since Section 1983 claims may be litigated in state courts, *Maine v. Thiboutout*, 405 A.2d 230 (Me.1979), aff'd 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), New York law may be applied in determining whether plaintiff is barred from bringing this action in federal court.

■ The long-standing principle in New York law has been that a judgment in the first action prevents relitigation by the same parties of the same claim in a subse-

quent action. Where the same foundation facts serve as a predicate for each proceeding, differences in legal theory and consequent remedy does not create a separate cause of action and res judicata applies to bar the second action. E.g., *Matter of Reilly v. Reid*, 45 N.Y.2d 24, 30, 407 N.Y. S.2d 645, 649, 379 N.E.2d 172, 176 (1978) ("[T]he essential identity of petitioner's two causes of action requires invocation of the doctrine of claim preclusion. To conclude otherwise would be to afford petitioner a second opportunity to obtain substantially the same relief he was denied in the prior proceeding, based on the same actions of the respondents. This is precisely the type of repetitive litigation the doctrine of claim preclusion is designed to avoid"). This rule of preclusion not only prevents litigation of issues actually litigated, but also issues which might have been litigated. *Statter v. Statter*, 2 N.Y.2d 668, 673, 143 N.E.2d 10, 12–13, 163 N.Y.S.2d 13, 17 (1957); *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 306–7, 165 N.E. 456, 457 (1929).

■ Plaintiff in this case has brought both actions against one of the same parties, the Commissioner of New York State Board of Parole, Ramon J. Rodriguez, and raises the same issues previously litigated in the state-court proceeding. In the state habeas corpus proceeding, plaintiff pleaded as follows:

1. [t]he Parole Board's decision to extend petitioner's minimum period of incarceration by two years was an arbitrary and capricious abuse of discretion which failed to comply with the requirements of Executive Law section 259(i), demonstrating a gross impropriety bordering on irrationality, rendering the decision as erroneous and in violation of law.

2. The effect of the Parole Board's adverse decision to extend petitioner's minimum period of incarceration by two years was to terminate his participation in the work release and furlough programs without cause, which constituted a further restraint upon his liberty and deprived him of a statutory privilege without due process of law.

3. The pervasive effect of the Parole Board's adverse decision ... amounts to an infliction of cruel and unusual punishment abrogating petitioner's Eighth Amendment constitutional rights to be free from cruel and unusual punishment. (Defendant's Affirmation, December 11, 1984, Exhibit 2, p. 2–3.)

Similarly, plaintiff's complaint in this action states:

This is an action under Section 1983 of 42 U.S.C. for declaratory relief, injunctive relief and monetary damages. Defendants ... while acting under color of Law intentionally deprived plaintiff of his freedom in contravention of his rights. (Complaint p. 1.) Plaintiff assumed that once he was admitted to the work release program he would remain so until he was paroled, unless he committed some infraction while participating in the program.... His reliance on continued participation in the program was based on the laws of New York, statutory, regulation, judicial decisions and previous customs and practices as to other prisoners. (Complaint p. 4.)

A review of the state-court record discloses that the state court denied the relief sought in plaintiff's petition and the petition was dismissed on June 7, 1984. *See Neil Rullo, 81–A–2575 v. David R. Harris, Superintendent of Taconic Correctional Facility, and Ramon J. Rodriguez, Commissioner of New York State Board of Parole*, Index No. 6742/84, Order (Sup.Ct. West.Cty. June 8, 1984). The state court found that the Parole Board adequately set forth the reasons for denial of parole and that the Board was entitled to rely on the seriousness of petitioner's offense in making the determination. The court further found that the fact that the petitioner's incarceration was extended for a period beyond the suggested parole guidelines was not determinative since the guidelines serve only to aid the Parole Board. The court declined to interfere with the Parole Board's decision since the decision was not

one of irrationality bordering on impropriety. Finally, the court in denying plaintiff's challenge that the Parole Board lacked the authority to extend incarceration for a period of time that rendered petitioner ineligible to continue in a work release program to which he had been admitted, stated that "the argument that a prisoner admitted to a work release program may not be held by the Board for more than one additional year finds no support in the governing statutes and regulations and to the extent that *People ex rel. Silberstein v. Hammock* (113 Misc.2d 1030 [450 N.Y.S.2d 687]) indicates otherwise, the Court respectfully declines to follow it."

Plaintiff is also precluded from asserting this action under the doctrine of collateral estoppel, or issue preclusion, because he had a full and fair opportunity to litigate the issues in the present action in the earlier state court proceeding. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In *McCurry*, the Supreme Court held that the doctrine of collateral estoppel applies to suits brought under Section 1983.

The fact that the earlier state court proceeding was an action in habeas corpus does not limit this court's application of *res judicata*. The Second Circuit, in *Williams v. Ward*, 556 F.2d 1143, 1153 (1977) stated that "even a judgment in habeas can effect issue preclusion in a Section 1983 action if the issue was litigated and the decision was on the merits." In *Williams*, the court reasoned that the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475, 497, 93 S.Ct. 1827, 1840, 36 L.Ed.2d 439 (1973), wherein the Court concluded that *"res judicata* has been held to be fully applicable to a civil rights action brought under Section 1983"*, should not apply any differently where the first judgment is a federal habeas.

Furthermore, it is well recognized that the doctrine of mutuality of parties as a limitation on the scope of collateral estoppel, whereby a party could not use a prior judgment to estop another party in a later action unless both parties were bound by that judgment, has eroded. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Rather, the Second Circuit has adopted the "full and fair opportunity" test to determine whether one not a party to an earlier proceeding may raise the defense of collateral estoppel with regard to issues litigated in that prior proceeding.

> Under this test the defense is available if the party against whom it is raised has had a full and fair opportunity to contest the issue in a prior action and the issue which was decided in the prior action is identical to the issue which is to be decided in the action in which the defense is raised.

*Ritchie v. Landau*, 475 F.2d 151, 155 (2d Cir.1973). *See also, Hazzard v. Weinberger*, 382 F.Supp. 225, 227 (S.D.N.Y. 1974).

Plaintiff fails to present any issues not previously litigated in the prior state court proceeding. In that proceeding plaintiff unsuccessfully contested the Parole Board's decision to extend his parole date which effectively rendered him ineligible to participate in the temporary work release program and terminated his participation in the work release program. Similarly, in this action, he seeks restoration to the work release program. Accordingly, this court concludes that the plaintiff is precluded from relitigating this action on the same claims and issues previously litigated in state court under the doctrines of *res judicata* and collateral estoppel.

Plaintiff's motion for preliminary injunction is denied and the action is hereby discontinued.

SO ORDERED.