FIRST DEPARTMENT, OCTOBER, 1987

(October 1, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA LINER, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J., at suppression and trial), rendered September 11, 1985, convicting defendant, after a jury trial, of robbery in the third degree (Penal Law § 160.05) and sentencing him as a predicate felon to an indeterminate term of 3½ to 7 years, unanimously affirmed.

Two plainclothes police officers, on an anticrime patrol in an unmarked car, observed complainant Lopez pursuing defendant on foot along 122nd Street, between Morningside and Manhattan Avenues, at about 10:00 P.M. After placing an illuminated police dome light on the dashboard, they followed the two men. When Lopez abandoned the chase, defendant, after looking at the oncoming unmarked car, took off toward 120th Street in the direction of a vacant lot. One Officer Brooks took over the chase, displaying his shield and ordering defendant to stop. Defendant complied.

Officer Brooks performed a protective frisk to ascertain whether defendant was armed and, after touching the outside of his clothing, noticed a hard bulge in the left jacket pocket. A search disclosed a "wad" of money, which the officer returned to the jacket pocket. Defendant was then placed in the unmarked car and driven back to 122nd Street and Manhattan Avenue, where Lopez identified him as the man who had robbed him. A subsequent search at the 28th Precinct resulted in the recovery of a large number of dollar bills from the

jacket pocket, a total of $79, consisting of 54 $1 bills, 3 $5 bills and 1 $10 bill.

On this record, we agree with the conclusion of the suppression court that there was an articulable basis to stop and detain defendant based upon the observations of the officers at the time. In light of the recent holding by the Court of Appeals in *People v Hicks* (68 NY2d 234), decided after the trial in this case, the officers, having made a lawful stop, supported by reasonable suspicion, could detain and transport defendant to the crime scene for a possible identification. As in *Hicks*, the elapsed time and distance involved were relatively brief, here about 3 to 5 minutes. Defendant was not handcuffed, there was no show of force and no information was elicited from him during that period. While, unlike *Hicks*, he was not told the limited purpose of the detention, on this record, it clearly appears why he was taken to the scene where the officers had observed him being chased by Lopez, who immediately identified him. Under the holding in *Hicks*, the transportation, which did not unduly prolong the detention, was reasonable and was "within the bounds of a lawful investigatory stop." (68 NY2d, *supra*, at 240.) " 'If the purpose underlying a *Terry* stop—investigating possible criminal activity—is to be served, the police must under certain circumstances be able to detain the individual for longer than the brief time period involved in *Terry* and *Adams*.' " (68 NY2d, *supra*, at 241, quoting *Michigan v Summers*, 452 US 692, 700, n 12.)

We have examined defendant's remaining contentions and find them lacking in merit. Concur—Murphy, P. J., Sandler, Carro, Kassal and Ellerin, JJ.