■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEGUNDO RODRIQUEZ, Appellant.—Judgment, Supreme Court, New York County (Frank Blangiardo, J.), rendered April 26, 1985, convicting defendant, after jury trial, of burglary in the third degree (Penal Law § 140.20) and sentencing him to an indeterminate term of 1 to 3 years' imprisonment, to run consecutively to the sentence imposed pursuant to an earlier judgment, convicting him, after a guilty plea, of burglary in the third degree, unanimously reversed, on the law, and a new trial ordered.

The trial court erred in refusing to give the circumstantial evidence charge requested by defense counsel, given that there

was no direct evidence that the defendant had ever been inside the grocery store he was charged with burglarizing *(People v Ford,* 66 NY2d 428, 441-442 [1985]; *People v Sanchez,* 61 NY2d 1022, 1024 [1984]).* Defendant was apprehended in the early morning hours of August 26, 1984, by Police Officer Robert Rehren and his partner, Officer Patrick Fitzgerald, who had responded to a radio report of a burglary in progress on Broadway between West 139th Street and West 140th Street in Manhattan. Neither of the officers actually saw defendant enter or exit the store. Officer Rehren testified that he heard metallic noise and looked over to see "a gate rising up". However, his view of the store was blocked by cartons which had been set out for refuse collection. The officers saw the gate "rise and then go back down again and then they [defendant and an unapprehended individual] stood up and appeared there." Officer Fitzgerald's testimony was substantially similar: "I turned around real quickly and I noticed the defendant in a squatting position standing upright *[sic]* in front of the gate that was semiopened." Although several items were found on the ground in front of the gate, neither officer saw defendant holding any of them.

Defense counsel requested the circumstantial evidence charge based on the absence of any direct evidence that defendant had entered the store. Rather, counsel argued, this fact had to be inferred from the officers' testimony that they saw the gate move and then saw defendant stand up in front of it. The court, however, disagreed with defense counsel, maintaining that there was testimony that defendant was seen coming out of the store. No such testimony appears in the record. Defense counsel took exception to the court's refusal to instruct the jury on circumstantial evidence both before and after the jury was charged.

The record supports defense counsel's position. There was no direct evidence to establish one of the elements of the crime charged, to wit, that defendant had been in the premises. The court was obligated under CPL 300.10 (2) to state "the material legal principles applicable to the particular case". Defendant was therefore entitled to have the jury instructed that for guilt to be established beyond a reasonable doubt the proven facts from which entry could be inferred must exclude "to a moral certainty" every reasonable hypothesis of innocence. Failure to so charge is reversible error and requires a new trial *(People v Ford, supra).* Concur—Sullivan, J. P., Asch, Rosenberger, Wallach and Smith, JJ.