■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE WOODS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred by denying his motion to suppress his showup identification. We disagree. The detention and transportation of defendant by the police to the scene of the reported burglary for the purpose of viewing by a witness did not, under the circumstances of this case, constitute a de facto arrest. Defendant

was stopped a short distance from the burglary scene at approximately 3:20 A.M. while he was walking alone down the side of the road. In stopping defendant and transporting him to the scene, the police used no force and defendant was not handcuffed. The transportation was for a short distance and took approximately one minute. Further, defendant was not questioned during his transportation to the scene. These facts support the suppression court's finding that the police actions were within the bounds of a lawful investigatory stop *(see, People v Hicks,* 68 NY2d 234, 242; *People v Smith,* 138 AD2d 972, 973-974, *affd* 73 NY2d 961; *People v Liner,* 133 AD2d 555, 556, *appeal dismissed* 70 NY2d 945; *People v Davison,* 127 AD2d 680, *lv denied* 69 NY2d 1003). Further, given the circumstances of this case, we conclude that the officer's failure to advise defendant of the purpose of the detention did not transform this investigatory stop into a de facto arrest *(see, People v Liner, supra).*

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Monroe County Court, Celli, J.—burglary, second degree.) Present—Dillon, P. J., Green, Pine, Lawton and Davis, JJ.