■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BALL, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with memorandum, and matter remitted to Supreme Court, Erie County, for a new trial on that count of the indictment charging rape, first degree. Memorandum: Defendant and two codefendants were convicted of burglary, robbery, rape, assault, and larceny. The charges arose from a break-in at the home of an elderly woman. Defendant's conviction of first degree rape must be reversed, the sentence vacated, and a new trial granted on that count of the indictment because the court failed to give the circumstantial evidence charge requested by defendant. Defendant was entitled to a circumstantial evidence charge embodying the "moral certainty" standard because the evidence of his involvement in the rape was entirely circumstantial *(see, People v Cleague,* 22 NY2d 363, 365-366). The testimony that semen was found in the victim's vagina and that defendant was seen leaving the victim's residence is not direct evidence of defendant's commission of the rape. The court's failure to give the requested charge is not harmless because the proof of defendant's guilt of rape was less than overwhelming and there is a significant probability that the jury would have acquitted defendant of first degree rape had the proper charge been given *(see, People v Crimmins,* 36 NY2d 230, 242). Defendant did not preserve for review his claim regarding the court's failure to so charge with respect to the other crimes. In any event, because there was direct evidence of defendant's guilt of those crimes, the "moral certainty" standard does not apply *(see, People v Barnes,* 50 NY2d 375, 380).

The verdict convicting defendant of burglary, robbery, assault and larceny was supported by the evidence. The proof established that defendant was present in the victim's home when the crimes occurred, that he possessed property stolen

from the victim, and that he and codefendants shared a common plan to commit the crimes charged. Whether defendant acted as the principal perpetrator or as an accomplice is irrelevant with respect to his criminal liability as charged in the indictment *(see,* Penal Law § 20.00; *People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910). The evidence established that defendant and codefendants acted with coordinated effort and mutual purpose *(see, People v Ford,* 66 NY2d 428, 437; *People v Nelson,* 110 AD2d 858, 859).

Defendant's *Batson* claim *(see, Batson v Kentucky,* 476 US 79) was untimely raised *(see, People v Harris,* 151 AD2d 961, 962) and on this record we decline to reach it in the interest of justice.

We have considered the remaining claims raised by assigned counsel and defendant, *pro se,* and find that none requires reversal. (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—burglary, first degree.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.