Joshua LINER, Plaintiff,

v.

Benjamin WARD, Police Commissioner; Harry Brook, Shield 2889; and Sergeant O'Neal, Defendants.

No. 88 Civ. 1737 (RPP).

United States District Court, S.D. New York.

Jan. 3, 1991.

Joshua Liner, Dannemora, N.Y., pro se.

Victor A. Kovner, Corp. Counsel of the City of New York, New York City, Georgia Pestana, for defendants.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant Harry Brook ("Officer Brook") moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On July 31, 1989, this Court rendered a decision in this pro se action granting defendants' motion for summary judgment under Fed.R.Civ.P. 56 as to Sergeant O'Neal, Commissioner Ward and the City of New York, but denying it as to Officer Brook. 1988 WL 88700, 1989 U.S.Dist. LEXIS 8797.

The grounds for denial of Officer Brook's motion was the allegation of plaintiff Joshua Liner ("Liner"), supported by several pages of the record in a state court

suppression hearing after which Liner was convicted in a trial by jury. The relevant allegation was that the trial judge had found Liner had been seized or arrested without probable cause by Officer Brook in violation of Liner's constitutional rights under the Fourth Amendment, under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967). Transcript of Hearing ("Tr."), 41, 72–74, 98, 99. Subsequent to this Court's decision on the motion for summary judgment, Officer Brook's counsel made several requests of Liner for production of all the pages of the transcript of the suppression hearing and provided funds for the photocopy of the transcript, to no avail. Finally, defendant obtained the complete transcript from the stenographic reporting system of the New York State Courts. Thereafter, during a telephone pre-trial conference, the Court permitted this motion to be brought.

For the reasons stated below, Officer Brook's motion for summary judgment is granted.

## DISCUSSION

The complete transcript of the suppression hearing reflects that, after several adjournments at which Officer Brook and the complaining witness testified, the court stated to the prosecutor "I will permit you to introduce the proceeds of the alleged robbery. I think that probable cause having been established to arrest the defendant [Liner], the money would have been inevitably discovered and therefore it would come in under the Fitzpatrick theory of inevitable discovery." Tr. 103.

■ Accordingly the Court finds that the trial judge in the state proceedings altered the earlier finding, cited by Liner, of an improper arrest or a seizure under *Terry v. Ohio, supra.* Thereafter, on June 25, 1985, Liner was convicted of robbery in the third degree. On appeal, the Appellate Division, First Department, held that the actions of defendant were lawful and that defendant had an articulable basis to stop and detain Liner based on his observations, under the ruling in *People v. Hicks*, 68 N.Y.2d 234, 508 N.Y.S.2d 163, 500 N.E.2d

861 (N.Y.1986). *People v. Liner*, 133 A.D.2d 555, 556, 519 N.Y.S.2d 548, 549 (1st Dep't 1987). Accordingly, there remains no genuine issue of material fact pertaining to Liner's claim of false arrest. In view of these findings and the conviction of the plaintiff, there is no Section 1983 cause of action on this charge. *Cameron v. Fogarty*, 806 F.2d 380, 387–88 (2nd Cir.1986), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). *Cf. also Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (collateral estoppel applies to Section 1983 action); *Lee v. Winston*, 717 F.2d 888, 892 (4th Cir.1983); *Rullo v. Rodriguez*, 604 F.Supp. 366, 370 (S.D. N.Y.1985).

■ Liner also makes a claim for use of excessive force. The Appellate Division, First Department, which heard Liner's appeal and upheld his conviction, specifically found based on the record that during the period Liner was stopped, frisked and transferred back to the scene of the crime, Liner "was not handcuffed, there was no show of force and no information was elicited from him during that period." *People v. Liner*, 519 N.Y.S.2d at 549. The court relied heavily on the close factual similarity with the facts in *People v. Hicks, supra*, 68 N.Y.2d at 68, 508 N.Y.S.2d 163, 500 N.E.2d 861, in which the New York Court of Appeals found the defendant's federal constitutional rights preserved.

The plaintiff is estopped from relitigating this issue in a section 1983 action, *Allen v. McCurry, supra*, i.e. the finding of the Appellate Division that there was no show of force during the stop and frisk, detention and return for identification by the complainant. The claim which Liner seeks to contest in this Court relates to the same time period. Liner claims that when Officer Brook detained him, he was "placed in hand restraints", Plaintiff's Memorandum of Law at 10, and "repetitiously slammed ... up against a car-vehicle", Affidavit of Joshua Liner, August 10, 1990, at 2, as a result of which he has been "taking an assortment of pain medications, motrine, advil, extra strength tynoels [sic]", *id*, and other medication listed in medication

order sheets from Rikers Island Health Services. Plaintiff's Exhibit C. Liner states he did not have a full and fair opportunity to litigate the issue in the earlier case, citing *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), and *Davidson v. Capuano*, 792 F.2d 275 (2nd Cir.1986).

Although the trial record which the Appellate Division reviewed was not submitted on this motion, the suppression hearing transcript reveals that the issue of whether any force was applied did arise during the hearing as well as the issue of whether Liner had been arrested. At no time during the hearing, in which Liner participated fully with the assistance of a legal adviser, Mr. Seligman, did Liner claim to have been "placed in hand restraints" and at no time did Liner claim he had been "slammed up against a car." Such issues were clearly relevant to the issues being heard. Although Liner did claim that the officers had roughly handled him in the car, Tr. 65–68, this was clearly at a time subsequent to his present allegations and, in any event, he did not claim he had suffered injury.

Mr. Liner was very knowledgeable about the case law relating to illegal arrests, citing a number of relevant authorities, and sought with some, but not ultimate, success to have the indictment dismissed on this ground. The placing of handcuffs on Liner and the slamming of Liner against a car would have been significant facts which would have caused the Court to find an arrest of Liner had occurred and not to find a detention for investigation. This was made clear by Supreme Court Justice Becker in the various decisions he made during the pre-trial hearings. On a reading of the entire transcript of the pre-trial hearings, the Court finds Liner did have a full and fair opportunity to litigate the issue he seeks to raise now and that collateral estoppel applies to Liner's cause of action against Officer Brook on the issue of the use of excessive force. *Allen v. McCurry, supra.*

The plaintiff's remaining allegations of rude, inconsiderate and insulting language

by a police officer while effecting an arrest are insufficient and do not give rise to a constitutional violation. *See Batista v. Rodriguez*, 702 F.2d 393, 398 (2nd Cir. 1983). Accordingly Officer Brook's motion for summary judgment is granted. Plaintiff's cross-motion for summary judgment is denied.

IT IS SO ORDERED.