■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARDELL ROSS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Because the court charged that the People relied on both direct and circumstantial evidence, without specifically instructing to which charge each type of evidence applied, the jury could not have known of its duty to apply the circumstantial evidence standard to a substantial portion of the prosecution's case (see, People v Sanchez, 61 NY2d 1022, 1023). Moreover, with respect to the charges of burglary, larceny and criminal mischief, the circumstantial evidence charge given by the trial court was inadequate because it did not state that the inference of guilt must be drawn fairly and reasonably from the facts, and that the evidence must exclude beyond a reasonable doubt every reasonable hypothesis of defendant's innocence (see, People v Sanchez, supra, at 1024). Failure to so charge requires reversal and a new trial (see, People v Ford, 66 NY2d

428, 441-442; *People v Ball,* 162 AD2d 989; *People v Rodriquez,* 134 AD2d 153, 154).

The court properly denied defendant's motion to suppress. The police articulated a sufficient basis to question defendant *(see, People v De Bour,* 40 NY2d 210, 219) and to detain him for a limited time *(see, People v Hicks,* 68 NY2d 234, 240-243). Thereafter, they acquired probable cause to arrest him *(see, People v Bigelow,* 66 NY2d 417, 423). (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Burglary, 3rd Degree.) Present—Denman, J. P., Green, Balio, Lowery and Davis, JJ.