■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN MALDONADO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ESTEBAN MALDONADO, Respondent.— Judgment, Supreme Court, New York County (Ira Beal, J.), rendered on December 13, 1990, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

Order of the same court and Justice, entered December 13, 1990, setting aside a jury verdict finding defendant guilty of criminal possession of a controlled substance in the first degree, unanimously reversed, on the law, the conviction reinstated, and the matter is remanded for sentence.

The evidence at trial showed that the police searched apartment 5 of 3750 Broadway pursuant to a warrant, at 6:00 P.M. on September 15, 1989. Defendant was arrested after he and three others crawled out a bedroom window and dropped 10 to 12 feet to the ground. When the arresting officer identified himself, defendant deposited a bag containing 3/4 ounce of cocaine and $608 on a ledge. In the meantime, other officers battered their way through the reinforced front door. On the table in the dining room, the police found a triple beam scale, a radio receiver for a wireless alarm, a journal of drug transactions, $73, and a package of cocaine like the one defendant had carried. Under the table the police found two packages containing approximately 4½ ounces of cocaine.

Following the jury's verdict, the trial court dismissed defendant's conviction for possession in the first degree under the theory that it was possible that defendant was a buyer and

because it was possible to go from the living room to the bedroom, without passing through the dining room.

The conviction for criminal possession of a controlled substance in the first degree is reinstated because the circumstantial evidence eliminated every reasonable hypothesis that defendant did not possess the cocaine found in the apartment. There was no direct evidence that defendant had been in the dining room, but the "drug factory" presumption (Penal Law § 220.25 [2]) does not require proof that a defendant be found in the same room as the narcotics (see, People v Daniels, 37 NY2d 624; People v Diaz, 160 AD2d 435, lv denied 76 NY2d 985). Also, the fact that cocaine and the bulk of the money that the police recovered was found in the bag that defendant had carried does not support the inference that defendant was in the apartment buying drugs for his own use.

We have considered defendant's remaining claims, and find that they are unpreserved or lack merit. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.