(May 30, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN MALDONADO, Appellant. [627 NYS2d 557] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered June 29, 1993, sentencing defendant, upon remittur, upon a November 8, 1990 conviction of the same court of criminal possession of a controlled substance in the first degree, to a term of from 15 years to life, unanimously affirmed.

We previously reversed the order of the Supreme Court (People v Maldonado, 189 AD2d 737, lv denied 81 NY2d 1016), vacating the jury verdict convicting the defendant of the present offense, finding that the apartment from which defendant was caught fleeing was a drug factory, and that the evidence was legally sufficient to conclude that the defendant had possessed the cocaine recovered therein. On his appeal from the reinstated judgment of conviction, the defendant urges in reliance upon People v Ryan (82 NY2d 497), that the People failed to prove, as they were required to in order to convict him of criminal possession of a controlled substance in the first degree, that he knew that the contraband he possessed weighed 4 ounces or more. The issue, however, is not preserved for our review as a matter of law (People v Gray, 86 NY2d 10), and we decline to reach it in the interests of Justice. Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.

■ MARIA BELINA, Respondent, v JOSEPH J. FAHEY, Appellant. [627 NYS2d 556] —Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about February 28, 1994, which granted the petitioner's motion for an order directing the respondent to pay part of her attorney's fee pursuant to Family Court Act § 536 and awarded petitioner $27,637.29 toward such fee to be paid in extended monthly installments, unanimously modified, on the law, the facts, and in the exercise of discretion, to reduce the amount payable by respondent to $20,000 and otherwise affirmed, without costs.

In reducing the attorney's fee, we take into account the Family Court's mistaken finding that the Hearing Examiner did not provide for retroactive support in the final child support order, and that, therefore, respondent father had received a financial windfall of $8,250 and was able to contribute more to legal fees. In fact, the father was obligated to pay $15,000 in child support arrears. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.