■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE TURNER, Appellant. [629 NYS2d 348] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that Supreme Court erred in denying his motion to suppress on the ground that the police lacked probable cause to arrest him. The initial detention of defendant was brief, and, when defendant was transported a short distance for an on-the-scene viewing by witnesses, the police did not use handcuffs. In addition, the officers advised defendant of the reason for his detention. We conclude that the ac-

tions of the police do not amount to a de facto arrest, but were within the bounds of a lawful investigatory stop *(see, People v Hicks,* 68 NY2d 234; *People v Woods,* 156 AD2d 926, *lv denied* 75 NY2d 926).

The contention that the police lacked reasonable suspicion to stop defendant is raised for the first time on appeal and therefore is not preserved for our review *(see, People v Gonzalez,* 55 NY2d 887, 888). In any event, it is without merit because the reasonable suspicion necessary to justify approaching defendant and detaining him for a limited time was provided by radio broadcasts and citizen informants *(see, People v Ross,* 172 AD2d 1008).

Finally, there is no merit to defendant's contention that *Rosario* violations require reversal. Reversal based upon a *Rosario* violation is necessary only when a defendant demonstrates that he has been substantially prejudiced *(People v Martinez,* 71 NY2d 937, 940; *People v Smith,* 190 AD2d 1022, *lv denied* 81 NY2d 976). We conclude that defendant failed to establish that he was substantially prejudiced. (Appeal from Judgment of Supreme Court, Monroe County, Wesley, J.—Burglary, 1st Degree.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.