■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MIRANDA, Appellant. [631 NYS2d 840] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered October 1, 1993, convicting defendant, after nonjury trial, of criminal possession of a controlled substance in the third and fourth degrees and sentencing him to concurrent terms of $4^{1}/_{2}$ to 9 years and 3 to 6 years, respectively, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755 *cert denied* 469 US 932), the People's evidence established, beyond a reasonable doubt, that defendant knowingly exercised dominion and control over the cocaine recovered from the small, one-bedroom apartment defendant fled as the police were about to execute a search warrant. Based upon the People's proof that the cocaine was found in open view in a bedroom with an open door that was visible from other areas of the apartment, and that cocaine was next to a table containing an Ohaus scale, wrapping materials and a calculator—equipment used in preparing narcotics for sale— the trier of fact properly applied the "drug factory" presumption (Penal Law § 220.25 [2]) in concluding that defendant constructively possessed the illegal narcotics in the apartment. Defendant was in "close proximity" to the narcotics, as required by the statute, despite his attempt to flee the apartment and the police (*People v Maldonado*, 189 AD2d 737, *lv denied* 81 NY2d 1016; *People v Chandler*, 121 AD2d 644, *lv denied* 68 NY2d 913).

Defendant's argument that the People failed to prove his knowledge of the weight of the drugs in his possession as required by *People v Ryan* (82 NY2d 497) is unpreserved for appellate review as a matter of law since defendant did not raise a specific objection on this ground below (*People v Gray*, 86 NY2d 10), and we decline to review the issue in the interest of justice. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.