THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS SNOW, Appellant. [639 NYS2d 233] Memorandum: Defendant appeals from a judgment convicting him, following a non-jury trial, of criminal possession of a controlled substance in the third and fourth degrees. Defendant contends that Supreme Court erred in failing to inform him before summations that it would consider the presumption of knowing possession set forth in Penal Law § 220.25 (2). We disagree. The court in a bench trial is not required to inform the parties of the legal principles it will consider. In any event, even assuming, arguendo, that the court erred, any error was harmless because defendant has not shown that defense counsel's summation "would have been altered in any substantial way" had he known that the court would consider the presumption (*People v Peterkin*, 195 AD2d 1015, 1016, *lv denied* 82 NY2d 758; *see, People v Kloska*, 191 AD2d 587).

Defendant further contends that the presumption was inapplicable because he was not in proximity to the drugs, which were found in open view in the dining room, and that without the presumption the evidence is legally insufficient to establish criminal possession. Although defendant was in the basement

when the drugs were found in the dining room, proximity is not limited to the same room (*see, People v Miranda,* 220 AD2d 218; *People v Maldonado,* 189 AD2d 737, *lv denied* 81 NY2d 1016; *People v Riddick,* 159 AD2d 596, *lv denied* 76 NY2d 741). In any event, defendant admitted at trial that he had been in the dining room less than a minute before the police entered the house, whereupon he went to the basement to hide (*see, People v Miranda, supra*).

The contention that the People failed to establish defendant's knowledge of the weight of the controlled substance is unpreserved (*see, People v Gray,* 86 NY2d 10), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Boehm, JJ.