■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORRIS THOMAS, Appellant. [641 NYS2d 338] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered October 8, 1992, convicting him of robbery in the first degree (two counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

After the Supreme Court found that the prosecution had established a prima facie case of purposeful discrimination by defense counsel in the exercise of his peremptory challenges, the court asked defense counsel to explain his challenges to several prospective jurors. As to prospective juror number 8 during the first round of jury selection, defense counsel stated that he had two relatives who were retired police officers. The record reveals that the two relatives were the prospective juror's brothers. The court rejected defense counsel's challenge to prospective juror number 8 and seated him.

The explanation proffered by defense counsel was a facially neutral reason sufficient to rebut the prosecution's prima facie showing of discrimination (*see, People v Allen,* 86 NY2d 101, 109-110). The court's rejection of defense counsel's challenge to prospective juror number 8, absent any further showing by the prosecutor that the reason proffered by defense counsel was pretextual, deprived the defendant of his right to a jury of his choice (*see, People v Miranda,* 220 AD2d 218).

In view of our determination that the defendant is entitled to a new trial, we do not reach his remaining contentions. Bracken, J. P., Altman, Hart and Goldstein, JJ., concur.