■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. SCHRADER, Appellant. [674 NYS2d 882] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a bench trial of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]) and aggravated harassment in the second degree (Penal Law § 240.30 [3]). County Court properly denied defendant's motion to suppress the identification testimony of an eyewitness and .

statements made by defendant in the presence of police officers. The initial detention was brief and defendant was told that it was for a showup. The officers handcuffed defendant and put him in a police vehicle only after defendant became belligerent and pushed and swore at the officers. Under the circumstances, we conclude that the officers' conduct did not amount to a de facto arrest (*see, People v Turner,* 216 AD2d 931, *lv denied* 86 NY2d 804; *see also, People v Norman,* 199 AD2d 5, *lv denied* 83 NY2d 808). Additionally, we conclude that the showup procedure was not unduly suggestive or otherwise improper (*see, People v Presley,* 231 AD2d 847, *lv denied* 89 NY2d 928; *see also, People v Duuvon,* 77 NY2d 541). In any event, the People established that the witness had an independent basis for his in-court identification of defendant (*see, People v Jordan,* 178 AD2d 1009, 1010, *lv denied* 79 NY2d 920). Defendant's conviction is supported by legally sufficient evidence (*see, People v Bleakley,* 69 NY2d 490, 495).

The court erred in allowing evidence of prior uncharged crimes and bad acts of defendant (*see generally, People v Ventimiglia,* 52 NY2d 350, 359-360). The error, however, is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that the error contributed to defendant's conviction (*see, People v Crimmins,* 36 NY2d 230, 242).

By failing to object when the verdict was rendered, defendant failed to preserve for our review his contentions that the court erred in failing to inform counsel that it would consider the lesser included offense of attempted assault in the second degree (*see, People v Jackson,* 166 AD2d 356, *lv denied* 77 NY2d 839) and in failing to permit defense counsel to deliver a summation (*see,* CPL 320.20 [3]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Attempted Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Fallon, JJ.