■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Appellant. (Appeal No. 1.) [698 NYS2d 197] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, County Court properly denied his motion for a mistrial. Although the court erred in admitting evidence of prior bad acts without a prior ruling that the evidence was admissible (*see, People v Ventimiglia,* 52 NY2d 350, 362) and failed to give appropriate limiting instructions to the jury (*see, People v Kocyla,* 167 AD2d 938, 940), the errors are harmless (*see, People v Schrader,* 251 AD2d 1032, 1033, *lv denied* 92 NY2d 882; *People v Wieczorek,* 177 AD2d 963, *lv denied* 79 NY2d 866). We also reject the contention that defendant was denied a fair trial by prosecutorial misconduct during summation. The "isolated instances of prosecutorial misconduct did not cause 'such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Chislum,* 244 AD2d 944, 945, *lv denied* 91 NY2d 924, quoting *People v Mott,* 94 AD2d 415, 419). The verdict is supported by legally sufficient evidence (*see, People v Williams,* 84 NY2d 925, 926). In addition, although a different finding would not have been unreasonable, we cannot conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant's contention that the court erred in failing to charge the definition of "dangerous instrument" is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our discretion to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, because we are affirming the judgment of conviction, there is no basis to disturb the finding that defendant violated the terms of his probation by committing the underlying crimes. (Appeal from Judgment of Monroe County Court, Bristol, J.—Assault, 1st Degree.) Present—Denman, P. J., Green, Scudder, Callahan and Balio, JJ.