■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS PRESSLEY, SR., Appellant. [740 NYS2d 739] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered September 5, 2000, convicting defendant after a jury trial of, inter alia, criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), criminally using drug paraphernalia in the second degree (§ 220.50 [2]) and unlawful possession of marijuana (§ 221.05). Defendant was sentenced as a second felony offender to concurrent terms of incarceration, the greatest of which is 7½ to 15 years.

We reject the contention of defendant that the search of his person was unlawful and that County Court therefore erred in refusing to suppress the physical evidence found in that search. The suppression court's ruling is based upon stipulated facts. Evidence thereafter admitted at trial cannot be considered in reviewing the propriety of the suppression court's ruling (*see People v Wilkins*, 65 NY2d 172, 180). During their execution of a search warrant at a drug house in Rochester, the police discovered approximately 50 bags of cocaine in the living room, along with a shirt that contained "an identification card of defendant." In addition, they observed a number of individuals "scatter" throughout the house. Defendant was ultimately arrested in an upstairs bedroom. The police therefore had presumptive evidence of defendant's possession of the cocaine (*see* § 220.25 [2]; *People v Snow*, 225 AD2d 1031; *People v Miranda*, 220 AD2d 218, *lv denied* 87 NY2d 849; *People v Vega*, 209 AD2d 220, 220, *lv denied* 85 NY2d 944) and thus had probable cause to arrest defendant. The subsequent search of defendant's person was incident to a lawful arrest (*see United States v Robinson*, 414 US 218, 235; *People v Weintraub*, 35 NY2d 351, 353-354; *People v Barclay*, 201 AD2d 952, 952). Defendant's remaining contention is unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.