■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BALL, Appellant. [801 NYS2d 219]—Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Joseph P. McCarthy, J.), entered June 7, 1999. The order denied the motion of defendant pursuant to CPL 440.20 (1) to set aside his sentence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied the motion of defendant to set aside the sentence imposed upon his conviction of burglary in the first degree (Penal Law § 140.30 [2]), robbery in the first degree (§ 160.15 [1]), and assault in the first degree (§ 120.10 [4]). The reversal of defendant's conviction of rape in the first degree (§ 130.35 [1]) (*People v Ball*, 162 AD2d 989 [1990], *lv denied* 76 NY2d 937 [1990]) and subsequent dismissal of that charge does not render the sentence on the remaining counts "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]). The record does not support the contention of defendant that he was denied his right pursuant to CPL 380.50 (1) to make a statement on his own behalf at sentencing (*see People v Hayes*, 43 AD2d 99, 103 [1973], *affd* 35 NY2d 907 [1974]). Contrary to defendant's further contention, the advice of defense counsel not to make such a statement does not constitute ineffective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.