# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**385**

**KA 06-03135**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARCUS D. HOGAN, DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered August 4, 2006. The judgment convicted defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment that convicted him following a nonjury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). We reject defendant's contention that the presumption of knowing possession set forth in Penal Law § 220.25 (2) was inapplicable because he was not in proximity to the packaged and unpackaged drugs and drug trafficking paraphernalia that were found in open view in the kitchen/living room area of the small apartment in question (*see People v Snow*, 225 AD2d 1031, 1031-1032). Upon entering the apartment, the police observed defendant running from the kitchen/living room area not more than 15 feet from where the drugs and drug trafficking paraphernalia were found. Although defendant was apprehended in a hallway bathroom of the apartment, "proximity is not limited to the same room" (*id*. at 1032; *see People v Pressley*, 294 AD2d 886, 887, *lv denied* 98 NY2d 712; *People v Miranda*, 220 AD2d 218, 218, *lv denied* 87 NY2d 849). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). We reject defendant's further contention that he was denied effective assistance of counsel based on his attorney's failure to notify him of his right to testify before the grand jury (*see People v Nobles*, 29 AD3d 429, 430, *lv denied* 7 NY3d 792). Defendant also was

not denied effective assistance of counsel by his attorney's failure to make a timely motion to dismiss the indictment based on the People's alleged violation of CPL 190.50 (5) (a).  That failure, without more, is insufficient to demonstrate ineffective assistance, "particularly where defendant failed to demonstrate an absence of strategic or legitimate reasons for counsel's failure to pursue this course of action" (*People v Wright*, 5 AD3d 873, 874, *lv denied* 3 NY3d 651; *see People v Hibbard*, 27 AD3d 1196, 1196-1197, *lv denied* 7 NY3d 790).

Entered:  June 13, 2014                    Frances E. Cafarell
                                           Clerk of the Court