# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1270**
**KA 11-02370**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY N. WALTERS, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (John Lewis DeMarco, J.), rendered July 29, 2011.  The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), criminally using drug paraphernalia in the second degree (§ 220.50 [2]), and unlawful possession of marihuana (§ 221.05). Defendant failed to preserve for our review his contention that a certain individual at the house where defendant and the contraband were found did not have authority to consent to the warrantless search there (*see generally People v Price*, 112 AD3d 1345, 1345-1346; *People v Caballero*, 23 AD3d 1031, 1032, *lv denied* 6 NY3d 846), and we decline to exercise our power to address it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's further contention, County Court (DeMarco, J.) properly concluded that the individual voluntarily consented to the police entry into the house (*see People v Gonzalez*, 39 NY2d 122, 127-128; *People v McCray*, 96 AD3d 1480, 1481, *lv denied* 19 NY3d 1104).  Defendant's contention that the evidence subsequently obtained pursuant to the search warrant should be suppressed as fruit of the poisonous tree thus lacks merit (*see generally Wong Sun v United States*, 371 US 471, 484-485).

Contrary to defendant's further contention, the court properly considered the "drug factory" presumption (Penal Law § 220.25 [2]) with respect to the counts of criminal possession of a controlled substance in the third and fourth degrees (*see e.g. People v Pressley*, 294 AD2d 886, 887, *lv denied* 98 NY2d 712; *People v Riddick*, 159 AD2d 596, 597, *lv denied* 76 NY2d 741; *cf. People v Kims*, ___ NY3d ___, ___ [Oct. 23, 2014]).  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that the *Molineux* court (Castro, A.J.) abused its discretion in permitting the People to present evidence that defendant was present at a location where the police previously made an undercover purchase of narcotics (*see People v Whitfield*, 115 AD3d 1181, 1182, *lv denied* 23 NY3d 1044; *People v Ray*, 63 AD3d 1705, 1706, *lv denied* 13 NY3d 838; *People v Lowman*, 49 AD3d 1262, 1263, *lv denied* 10 NY3d 936).  Defendant's contention that reversal is required based upon a *Rosario* violation is also meritless. "Reversal based upon a *Rosario* violation is necessary only when a defendant demonstrates that he has been substantially prejudiced" (*People v Turner*, 216 AD2d 931, 932, *lv denied* 86 NY2d 804; *see People v Comfort*, 60 AD3d 1298, 1300, *lv denied* 12 NY3d 924) and, here, defendant has not made the necessary showing of substantial prejudice (*see People v Gardner*, 26 AD3d 741, 741, *lv denied* 6 NY3d 848; *People v Goston*, 9 AD3d 905, 906-907, *lv denied* 3 NY3d 706).

Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Finally, the sentence is not unduly harsh or severe.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court