■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BOYKINS, Appellant. [22 NYS3d 774]—

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered June 10, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Defendant contends that County Court deprived him of his constitutional right to a fair trial by failing to excuse a prospective juror who did not unequivocally assure the court of her impartiality. " 'By failing to raise that challenge in the trial court . . . , defendant failed to preserve it for our review' " (*People v Irvin*, 111 AD3d 1294, 1295 [2013], *lv denied* 24 NY3d 1044 [2014], *reconsideration denied* 26 NY3d 930 [2015]). "In any event, 'even if defendant had challenged [that] prospective juror[ ] . . . and his challenge[ ] had merit, [it] nevertheless would not be properly before us because he failed to exhaust his peremptory challenges prior to the completion of jury selection' " (*id.*). We reject defendant's related contention that he was denied effective assistance of counsel based on defense counsel's alleged failure to challenge the prospective juror inasmuch as defendant has "failed to show the absence of a strategic explanation" for defense counsel's decision not to challenge that juror (*id.* at 1296 [internal quotation marks omitted]). The record does not support defendant's further contention that he was denied his right to a jury trial by 12 jurors. Defendant asserts that there were less than 12

jurors present during the trial on a certain day, but the trial minutes establish that the Court Clerk stated that "[a]ll Jurors [were] accounted for."

We reject defendant's further contention that reversal is required based upon a *Rosario* violation. " 'Reversal based upon a *Rosario* violation is necessary only when a defendant demonstrates that he has been substantially prejudiced' " (*People v Walters*, 124 AD3d 1321, 1323 [2015], *lv denied* 25 NY3d 1209 [2015]), and defendant has not made such a showing here (*see id.*).

By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is not legally sufficient to support his conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, we conclude that the conviction is supported by legally sufficient evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that, in sentencing him, the court "penalized him for exercising his right to a jury trial" (*People v Campbell*, 118 AD3d 1464, 1466 [2014], *lv denied* 24 NY3d 959 [2014], *reconsideration denied* 24 NY3d 1218 [2015]). "In any event, [t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to a trial" (*id.* [internal quotation marks omitted]).

Contrary to defendant's contention, the sentence is not unduly harsh or severe. "The court properly exercised its discretion when it adjudicated defendant a persistent felony offender and sentenced him accordingly" (*People v Mason*, 277 AD2d 170, 170 [2000], *lv denied* 96 NY2d 785 [2001]). We have examined defendant's remaining contention and conclude that it lacks merit. Present—Centra, J.P., Peradotto, Carni, Lindley and DeJoseph, JJ.