■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN CEHFUS, Appellant. [33 NYS3d 621]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 23, 2013. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree and resisting arrest.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated, a class E felony (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]), and resisting arrest (Penal Law § 205.30).

We reject defendant's contention that County Court erred in denying his request for a missing witness charge. Defendant failed to establish that the witness's testimony would have been noncumulative (*see People v Welch*, 307 AD2d 776, 777-778 [2003], *lv denied* 100 NY3d 625 [2003]), and defendant's assertion that the witness "presumably" could have provided noncumulative testimony is speculative (*see People v Gonzalez*, 16 AD3d 283, 284 [2005], *lv denied* 5 NY3d 766 [2005]). In any

event, we conclude that any error in the court's refusal to give a missing witness charge is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Fields*, 76 NY2d 761, 763 [1990]; *People v Comfort*, 31 AD3d 1110, 1112 [2006], *lv denied* 7 NY3d 847 [2006]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We reject defendant's further contention that the court issued an erroneous jury instruction. "Generally, in determining whether a jury charge was proper, the test is 'whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied' . . . Parts of jury charges cannot be read 'alone and in a vacuum' " (*People v McDaniels*, 19 AD3d 1071, 1071 [2005], *lv denied* 5 NY3d 830 [2005]). Considering the adequacy of the jury charge as a whole against the background of the evidence presented at the trial (*see People v Andujas*, 79 NY2d 113, 118 [1992]), we conclude that the charge here was proper (*see People v Waldriff*, 46 AD3d 1448, 1448 [2007], *lv denied* 9 NY3d 1040 [2008]; *see also People v Fisher*, 101 AD3d 1786, 1787 [2012], *lv denied* 20 NY3d 1098 [2013]).

Finally, contrary to defendant's assertion, New York's persistent felony offender statute is constitutional on its face and as applied in this case (*see People v Battles*, 16 NY3d 54, 59 [2010], *cert denied* 565 US —, 132 S Ct 123 [2011]; *People v Tuszynski*, 120 AD3d 1568, 1569 [2014], *lv denied* 25 NY3d 954 [2015]), and the court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see People v Boykins*, 134 AD3d 1542, 1543 [2015]). Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.