■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IKE HILL, Appellant.— Order of the County Court, Nassau County, entered February 29, 1968, affirmed. The only allegation in the petition which would entitle appellant to *coram nobis* relief, if proved, was that the complaining witness had said off the record that he could not identify appellant as one of the men who robbed him and that the District Attorney, knowing of these statements, intentionally or unintentionally suppressed this evidence favorable to appellant. We can and do take judicial notice of the record on appeal in this court in *People* v. *Ferguson* (26 A D 2d 772) and *People* v. *Duff* (26 A D 2d 772) (Richardson, Evidence [9th ed.], § 30, and cases cited there). Appellant was tried together with Ferguson and Duff. The trial minutes establish that the complaining witness testified that he could not identify appellant as one of the men who had held him up. That record conclusively refutes appellant's claim. There is no obligation to assign counsel to assist in the prosecution of specious issues (*People ex rel. Williams* v. *La Vallee,* 19 N Y 2d 238, 241). Beldock, P. J., Christ, Brennan, Rabin and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. REGINALD ROBERTSON, Appellant.— Order of the Supreme Court, Kings County, dated June 14, 1967, which denied, without a hearing, appellant's *coram nobis* application, reversed, on the law, and application remitted to the Criminal Term for the limited purpose of holding a hearing to determine what effect, if any, the alleged adverse pretrial publicity may have had on appellant's right to a fair trial (*People* v. *Sepos,* 16 N Y 2d 662). No questions of fact were considered on this appeal. Appeal from order of said court dated June 12, 1967 dismissed as academic. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN CRUZ, Appellant, v. JOHN T. DEEGAN, as Warden of Sing Sing Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, dated February 26, 1968, which dismissed the writ. Judgment affirmed, without costs. In our view, the pendency of relator's appeal from the judgment of conviction rendered dismissal of the writ proper. We affirm the dismissal on the ground that no reason of practicality or necessity was asserted to justify review of the matters raised by habeas corpus while the appeal from the judgment of conviction is pending (*People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257, 262; *People ex rel. Garcia* v. *Warden,* 28 A D 2d 682; *People ex rel. Blyden* v. *Denno,* 28 A D 2d 683). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.

■ VERNON C. RICHMOND et al., Appellants, v. ELLISON V. CAPERS, Respondent.— Order of the Supreme Court, Ulster County, dated March 4, 1968 and entered in Dutchess County on March 6, 1968, which granted defendant's motion to dismiss the complaint, as barred by the Statute of Limitations (CPLR 3211, subd. [a], par. 5), reversed, on the law, with $10 costs and disbursements, and motion denied. No questions of fact were considered. Judgment entered in Dutchess County upon said order on March 6, 1968 vacated. In our opinion, the complaint sounds in malpractice; and the Statute of Limitations as to such cause commences to run at the termination of the course of treatment "for the same or related * * * injuries" (*Borgia* v. *City of New York,* 12 N Y 2d 151, 157). The defendant physician having treated the plaintiff wife for an injury allegedly caused during surgery performed by him, a cause of action based on the injury did not accrue until the termination of the treatment. The action, then, was timely brought. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.