■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JACKSON, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J.), rendered April 6, 1989, convicting defendant, after a bench trial, of two counts of attempted robbery in the second degree and sentencing him, as a second violent felony offender, to two concurrent indeterminate prison terms of from 2½ to 5 years, unanimously affirmed.

After purchasing crack, complainant was accosted by the defendant and his accomplice who proceeded to beat the complainant and rummage through complainant's pockets. Defendant, who apparently dropped certain of his own identification cards during the incident, was subsequently arrested and indicted on two counts of robbery in the second degree.

The sole argument raised on appeal is that the court deprived defendant of his constitutional and statutory right to an effective summation by failing to inform counsel, prior to summations, of its intent to consider the lesser included offense of attempted robbery in the second degree (see, CPL 320.20 [5]). We find that by defendant's failure to object to the court's procedure, or to request a reopening of summation, he has failed to preserve this issue as a matter of law. Further, review in the interest of justice is not warranted. The defendant was in no way prejudiced by the error since the defense summation could not have been altered in any substantial way had he been informed of the offenses the court would consider (People v Hampton, 124 AD2d 675, 676). Defendant argued on summation that the evidence demonstrated he assisted a friend in a fight, and, as such, he lacked the mens rea to steal. An intent to steal is a required element for both robbery and attempted robbery. Since these arguments applied equally to the lesser included offense of attempted robbery, the failure to timely notify counsel of the lesser included offense constituted harmless error (see, People v Montgomery, 116 AD2d 669, 671). Concur—Ross, J. P., Rosenberger, Asch and Smith, JJ.