■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. PETERKIN, Appellant. [600 NYS2d 579] —Judgment unanimously affirmed. Memorandum: Defendant's conviction of attempted rape in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree is supported by legally sufficient evidence. The record reveals that defendant grabbed the victim by the arm and pushed her into a car. En route to defendant's apartment, the victim attempted to escape, but defendant grabbed and punched her in the head. The victim testified at trial that she was afraid of defendant and had seen him engage in violent behavior in the past. Upon arriving at defendant's apartment, defendant grabbed the victim by the shoulders and pushed her down upon the bed. She fought defendant and he told her that, if she kept fighting, he was going to bite and punch her. Defendant fondled the victim and got on top of her. The victim continued to fight and defendant ultimately desisted and then stood up and urinated on the victim. That evidence, if believed by the court, was sufficient to support the charges of which defendant was convicted (see, People v Bleakley, 69 NY2d 490).

We reject defendant's contention that he was deprived of a fair trial and effective assistance of counsel because the court failed to state before summations that it would consider the lesser included offense of attempted rape in the first degree in rendering its verdict. Although the failure to inform counsel in a timely manner of the lesser included offense it would

consider in rendering a verdict is error (CPL 320.20 [5]), it is harmless where a defendant cannot show prejudice or that the defense summation would have been altered in any substantial way if counsel had known the lesser included offense would be charged *(People v Trail,* 172 AD2d 320, 321, *lv denied* 78 NY2d 975; *People v Jackson,* 166 AD2d 356, *lv denied* 77 NY2d 839; *People v Taylor,* 164 AD2d 922, 923, *lv denied* 76 NY2d 944). Although the court violated CPL 320.20 (5) by failing to state the counts upon which it would render a verdict, we conclude that the error was harmless. Defendant testified that he did have sexual contact with the victim on the date in question but that it was consensual. On summation defendant argued that the People failed to prove forcible compulsion. Because the argument applies equally to the offenses of rape in the first degree and attempted rape in the first degree, the failure to inform counsel in a timely manner of the lesser included offense was harmless error *(see, People v Jackson, supra).* (Appeal from Judgment of Jefferson County Court, Clary, J.—Attempted Rape, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Fallon and Boehm, JJ.