■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMETT SNICKLES, Appellant. [614 NYS2d 805] —Peters, J. Ap- peal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 5, 1992, upon a verdict convicting defendant of two counts of the crime of murder in the second degree.

Defendant, along with codefendant Ronald Durham, was indicted for two counts of murder in the second degree, one count of manslaughter in the second degree and two counts of assault in the first degree. Durham pleaded guilty to man- slaughter in the second degree in satisfaction of the indict- ment and testified for the People. A fellow inmate of defen-

dant, Francis Theroux, also testified for the People concerning admissions allegedly made by defendant during his pretrial incarceration. A statement made by defendant to police officers during interrogation was also admitted into evidence subsequent to a hearing in which County Court had denied defendant's motion to suppress the statement.

On this appeal, defendant raises, *inter alia,* four grounds for reversal. First, he contends that the hearing held pursuant to *Massiah v United States* (377 US 201) violated his rights since his attorney was denied the opportunity to adequately cross-examine witnesses and his counsel was ineffective. Second, defendant contends that his statements should have been suppressed. Third, defendant contends that the prosecution failed to disclose promises made to Durham and Theroux which caused those individuals to testify against him. Fourth, defendant contends that the sentence imposed upon him was harsh and excessive.

Contrary to defendant's contentions, the record of the *Massiah* hearing does not reveal that County Court improperly restricted the scope of the hearing *(see, Massiah v United States, supra; People v Branshaw,* 177 AD2d 1028, *lv denied* 79 NY2d 918). Moreover, as in *People v Branshaw (supra),* the record amply supports County Court's determination that the informant was not acting as an agent of the government. Theroux communicated first with his counsel concerning defendant's disclosure. This caused the Public Defender to withdraw from representation of Theroux and new counsel was provided. The record clearly reflects that Theroux acted independently of the prosecution and provided information to the District Attorney on his own initiative *(see, People v Cardona,* 41 NY2d 333). Defendant would have us conclude that in accepting information from Theroux, an agency relationship was established by and between the District Attorney's office and Theroux. Such conclusion cannot be drawn from the mere disclosure of information *(see, People v Halstead,* 180 AD2d 818, *lv denied* 80 NY2d 904; *People v Blake,* 127 AD2d 602, *lv denied* 69 NY2d 1001; *People v Farley,* 120 AD2d 761).

Defendant's contentions on the issue of suppression are equally unavailing. Defendant contends that his statements to the police should be suppressed because they were obtained in violation of his right to counsel. The testimony of officers who questioned defendant differs considerably from defendant's testimony concerning the conditions of his questioning. All agree, however, that defendant stated that "if the questions get heavy, can I ask for an attorney?" County Court credited

the officers' testimony and determined that appropriate *Miranda* warnings were given and that he was not placed under arrest until after approximately six hours of questioning. We agree with County Court that defendant's inquiry concerning whether he can ask for an attorney during the course of questioning was not sufficient to trigger the right to counsel *(see, People v Fridman,* 71 NY2d 845; *People v Hicks,* 69 NY2d 969; *People v Munck,* 190 AD2d 963, *lv denied* 81 NY2d 974; *People v Lattanzio,* 156 AD2d 757, *lv denied* 76 NY2d 860; *People v Mathis,* 147 AD2d 851, *lv denied* 73 NY2d 1018; *People v Kittell,* 135 AD2d 1021).

Addressing the issue of waiver raised by defendant, when, as here, a defendant is represented by counsel in an unrelated proceeding, it is well settled that the defendant may waive his *Miranda* rights and make statements in response to police questioning if the questioning is on matters unrelated to the pending charge *(People v Bing,* 76 NY2d 331). Accordingly, we find no error relating to the questioning by police.

As to defendant's contention that the prosecution failed to disclose promises made to Durham and Theroux, the record does not reveal any such failure. Rather, the record reflects that as to Durham, defense counsel was present when Durham's plea was entered and the terms of the agreement concerning Durham's testimony were placed on the record. Thus, no *Brady* violation occurred *(see, Brady v Maryland,* 373 US 83; *People v Novoa,* 70 NY2d 490; *People v Cwikla,* 46 NY2d 434).

With regard to disclosures concerning promises, if any, made to Theroux, the District Attorney's office disclosed that he was offered a misdemeanor in exchange for his cooperation. After accepting a plea to a misdemeanor, research revealed that Theroux had a prior felony conviction and that the misdemeanor plea was improperly accepted. Such plea was therefore vacated prior to the commencement of the instant trial. Hence, Theroux was testifying without any promise of assistance by the District Attorney's office. Subsequent to the trial, the District Attorney communicated with County Court and described Theroux's assistance to the prosecution but vigorously opposed Theroux's motion to dismiss the indictment pending against him. County Court, nonetheless, dismissed the charges against Theroux after considering numerous factors including Theroux's cooperation in the trial against defendant. While County Court considered such testimony in determining the motion to dismiss, there is no evidence of any "agreement * * * which might have induced

[Theroux] to testify against * * * defendant. Thus, there was no *Brady* violation" *(People v Orr,* 190 AD2d 760, *lv denied* 81 NY2d 974).

Finally, defendant contends that his sentence was harsh and excessive. In reviewing such sentence we note that County Court determined that defendant deliberately murdered and concealed the victim's body. In finding that the sentence was within statutory guidelines, we decline to disturb it. Moreover, contrary to defendant's contentions, there is no finding of extraordinary circumstances based upon substance abuse *(see, People v Brooks,* 182 AD2d 910).

After our review of all other issues raised by defendant, we find them to be without merit. Accordingly, for all of the aforementioned reasons, the verdict and sentence shall be affirmed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.