■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL ST. HILLAIRE, Appellant. [661 NYS2d 531] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered July 3, 1995, convicting him of attempted sodomy in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

Although there was conflicting testimony from expert witnesses concerning whether the defendant was experiencing an alcoholic blackout when he was questioned by the police, we see no reason to disturb the factual finding of the hearing court, which had the "peculiar advantages of having seen and heard the witnesses", that the defendant knowingly and voluntarily waived his *Miranda* rights *(People v Prochilo,* 41 NY2d 759, 761).

The defendant failed to preserve for appellate review the issue of whether the evidence was legally sufficient to prove his guilt of attempted sodomy in the first degree (CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find

that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the People proved that the defendant's conduct went beyond mere preparation and that he carried the project forward with dangerous proximity to the criminal end to be attained before he was interrupted by the police *(see, People v Pereau,* 99 AD2d 591, 592, *affd* 64 NY2d 1055). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review *(see, People v Jackson,* 166 AD2d 356). O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.