■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW HARVEY, Appellant. [673 NYS2d 274] —Judgment unanimously affirmed. Memorandum: After an altercation with two correction officers, defendant was indicted on two counts of as-

sault in the second degree (Penal Law § 120.05 [7]). Following a bench trial, County Court found defendant not guilty of assault in the second degree, but convicted him of two counts of attempted assault in the second degree as a lesser included offense.

We reject defendant's contention that the failure of the court to inform counsel before summations that it would consider the lesser included offenses in rendering its verdict is reversible error. In a nonjury trial involving multiple counts, the court before summations must inform counsel of any lesser included offenses it will consider in rendering a verdict (CPL 320.20 [5]; *People v Peterkin*, 195 AD2d 1015, *lv denied* 82 NY2d 758). The failure to follow the statutory mandate of CPL 320.20 (5) is harmless error, however, "where a defendant cannot show prejudice or that the defense summation would have been altered in any substantial way if counsel had known the lesser included offense would be charged" (*People v Peterkin, supra,* at 1016).

Although the court failed to state the counts upon which it would render a verdict, that error is harmless. Defendant testified that he threw items at the correction officers in self-defense. On summation, defense counsel argued that defendant's use of force was justified under the circumstances. Because that argument applies equally to the offenses of assault in the second degree and attempted assault in the second degree, the failure to inform defense counsel in a timely manner of the lesser included offenses is harmless error (*see, People v Peterkin, supra; People v Jackson*, 166 AD2d 356, *lv denied* 77 NY2d 839). (Appeal from Judgment of Livingston County Court, Alonzo, J.—Attempted Assault, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.