The People of the State of New York, Respondent, v Robert Kuklinski Jr., Appellant. [805 NYS2d 729]—

Kane, J. Appeals (1) from a judgment of the County Court of Ulster County (Gruner, J.), rendered October 20, 2004, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree, sexual abuse in the first degree, sexual misconduct, forcible touching and endangering the welfare of a child, and (2) from a judgment of said court, rendered December 9, 2004, which resentenced defendant following his conviction of the crime of sexual abuse in the first degree.

Defendant was charged with several crimes relating to sexual abuse of a child. After County Court denied defendant's motion to suppress his oral and written statements to police, defendant pleaded guilty to all five counts of the indictment. The court sentenced him to an aggregate period of 24 years in prison followed by five years of postrelease supervision.* Defendant appeals.

County Court properly denied defendant's suppression motion. The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record (see People v Cleveland, 257 AD2d 689, 691 [1999], lv denied 93 NY2d 871 [1999]). The court here disbelieved defendant's testimony that he was never read his Miranda rights, was locked in an interview room for long periods of time, requested to leave five or six times, signed his statement without reading it, was promised he could go home if he signed the statement, and specifically requested his attorney five times. Defendant's signed statement included his initials by each of his Miranda rights and at the bottom of each page, as well as his full signature after his Miranda rights and at the

---

* County Court resentenced defendant on one count, but the resentencing did not affect the aggregate sentence.

end of the statement. A police investigator testified that defendant made calls on his cellular phone while the investigator was out of the room. The investigator did not recognize the name that defendant mentioned as being the name of a local defense attorney, and defendant did not identify him as such. When defendant asked the investigator if he could call his attorney, the investigator told defendant such a call was permitted; defendant retained possession of his cellular phone but did not make the call. These circumstances support the court's determination that defendant did not unequivocally assert his right to counsel—thus his right to counsel did not attach—and he instead waived that right by proceeding with the interview and signing a waiver of his rights (*see People v Glover*, 87 NY2d 838, 839 [1995]; *People v Hicks*, 69 NY2d 969, 970 [1987]; *People v Snickles*, 206 AD2d 675, 676-677 [1994], *lv denied* 84 NY2d 872 [1994]; *People v Dehmler*, 188 AD2d 1056, 1057 [1992], *lv denied* 81 NY2d 1013 [1993]).

Defendant's sentence is not harsh or excessive. The record does not support defendant's contention that a plea bargain existed. Defendant acknowledged in a motion affidavit that he faced a maximum of 25 years in prison on the top count. At the time of the plea, County Court recognized that a prior judge had discussed a 14-year sentence, but the court, prior to the plea, informed defendant that his sentence would be at least that long and "may be more." Defendant thereafter affirmed his desire to plead guilty. Defendant sexually abused an eight-year-old boy, had two previous convictions for similar sex offenses against children, was a registered sex offender at the time of this offense and should not have been around children, yet still continued to be alone with children even while these charges were pending. Thus, the court's imposition of a 24-year aggregate sentence was appropriate (*see People v Greene*, 13 AD3d 991, 993-994 [2004], *lv denied* 5 NY3d 789 [2005]; *compare People v Nickel*, 14 AD3d 869, 872-873 [2005], *lv denied* 4 NY3d 834 [2005]).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgments are affirmed.