The People of the State of New York, Respondent, v Donte Sharae Twillie, Appellant. [813 NYS2d 626]—

Appeal from a judgment of the Supreme Court, Monroe County (David D. Egan, J.), rendered March 4, 2003. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (three counts) and attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]) and three counts of robbery in the second degree (§ 160.10 [1]). We reject the contention of defendant that Supreme Court erred in refusing to suppress his statement to the police on the ground that the statement was made in violation of his right to counsel. "The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" (*People v Kuklinski*, 24 AD3d 1036, 1036 [2005]). The record supports the court's determination that the comment of defendant that he might need a lawyer "was not an unequivocal assertion of his right to counsel when viewed in context of the totality of circumstances, particularly with respect to events following the comment itself" (*People v Powell*, 304 AD2d 410, 411 [2003], *lv denied* 1 NY3d 578 [2003]; *see People v Glover*, 87 NY2d 838, 839 [1995]). Following that comment, defendant "clearly and unambiguously" expressed his desire to continue the interview without the assistance of counsel, and the court properly concluded that the right to counsel did not attach before defendant made his statement to the police (*Glover*, 87 NY2d at 839; *see Kuklinski*, 24 AD3d at 1037; *Powell*, 304 AD2d at 410-411).

Contrary to defendant's further contentions, the court properly charged the jury that defendant was an interested witness as a matter of law and properly refused to charge the jury that a prosecution witness was an interested witness as a matter of law (*see People v Adams*, 278 AD2d 920, 921 [2000], *lv denied* 96 NY2d 825 [2001]; *People v Arkim*, 179 AD2d 1019 [1992], *lv denied* 79 NY2d 997 [1992]). "The court gave a balanced charge, properly instructing the jurors that they could consider the interest or bias of any witness in assessing credibility" (*Adams*, 278 AD2d at 921-922). Finally, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.