THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALACHI J. STARKS, Appellant. [848 NYS2d 467]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered August 17, 2004. The judgment

convicted defendant, upon a jury verdict, of assault in the first degree (two counts), assault in the second degree, attempted robbery in the first degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1], [2]) and one count of criminal possession of a weapon in the second degree (§ 265.03 [former (2)]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of attempted robbery (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence established that defendant and another individual entered the victim's store with the intent to steal money that they believed the victim kept there. The victim was shot almost immediately after defendant entered the store, at which time defendant ran from the store. Thus, viewing the evidence in the light most favorable to the People (*see People v Calabria*, 3 NY3d 80, 81-82 [2004]), we conclude that the evidence is legally sufficient to establish that defendant "engage[d] in conduct which tend[ed] to effect" the commission of robbery in the first degree (Penal Law § 110.00; *see* § 160.15 [1], [2]).

We reject the further contention of defendant that County Court erred in refusing to suppress his statement to the police. Contrary to the contention of defendant, his right to counsel did not attach when he requested permission to speak to his girlfriend, a paralegal who was being interviewed by police at the time of defendant's request. "Counsel, as the word is used in the Sixth Amendment can mean nothing less than a licensed attorney at law" (*People v Felder*, 47 NY2d 287, 293 [1979]). We thus conclude that defendant did not unequivocally assert his right to counsel prior to making the statement (*see People v Glover*, 87 NY2d 838, 839 [1995]; *People v Twillie*, 28 AD3d 1236, 1237 [2006], *lv denied* 7 NY3d 795 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.