■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON CRAWFORD, Appellant. [864 NYS2d 820]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered August 23, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]), defendant contends that County Court abused its discretion in refusing to afford him youthful offender status. We reject that contention. Defendant, who was not the sole participant in the crime, was convicted of an armed felony (*see* CPL 1.20 [41] [a]), and thus he was eligible to be adjudicated a youthful offender only if the court found "mitigating circumstances that bear directly upon the manner in which the crime was committed . . . or . . . [that] defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10 [3]; *see* CPL 720.10 [2] [a] [ii]). "Here, the defendant offered the sentencing court no evidence of mitigating circumstances relating to the manner in which the subject [crime was] committed, and his role in the [crime] was not minor. Accordingly, he could not be adjudicated a youthful offender" (*People v Jhang,* 302 AD2d 606, 606-607 [2003]; *see People v Fields,* 287 AD2d 577, 578 [2001], *lv denied* 97 NY2d 681 [2001]; *People v Boyd,* 254 AD2d 740, 741 [1998], *lv denied* 92 NY2d 1047 [1999]).

Defendant further contends that the court considered inaccurate or improper information in sentencing him. Even assuming, arguendo, that defendant's contention is preserved for our review, we conclude that it lacks merit. " 'Generally, as a matter of due process, an offender may not be sentenced on the basis of materially untrue assumptions or misinformation,' and the sentencing court must be assured 'that the information upon which it bases the sentence is reliable and accurate' " (*People v Vaughan,* 20 AD3d 940, 941 [2005], *lv denied* 5 NY3d 857 [2005], quoting *People v Naranjo,* 89 NY2d 1047, 1049 [1997] [internal quotation marks omitted]). Contrary to the contentions of defendant, the record establishes that the court corrected itself before considering evidence of unindicted offenses, and the record supports the court's determination that defendant's level of cooperation in the trial of an accomplice was insufficient. The prosecutor indicated that he did not call defendant as a witness in that trial because defendant refused to detail his own involvement in the crimes and thus lacked credibility. That statement is supported by the statement of defendant during a presentence interview that he "did not do anything" on the night of the crime. Further, in sentencing defendant, the court properly considered his role in the intimidation of witnesses before the

trial of the accomplice. The judge presiding over defendant's prosecution also presided over the prosecution of the accomplice (*People v McCallar,* 53 AD3d 1063 [2008]) and, in the course of that prosecution, the court held a *Sirois* hearing and determined that members of a gang with which defendant was associated had intimidated various witnesses. We take judicial notice of the record from the accomplice's appeal (*see People v Hill,* 30 AD2d 976 [1968]), and conclude that the information relied upon by the court in sentencing defendant was reliable and accurate.

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19 [1995]; *see also People v Hines,* 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, in any event, that contention is without merit (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Finally, the verdict is not against the weight of the evidence (*see generally id.*). Present—Centra, J.P., Lunn, Peradotto, Green and Pine, JJ.