■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL EDWARDS, Appellant. [864 NYS2d 619]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered May 5, 2005. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and wilful violation of health laws.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [2]) and wilful violation of health laws (Public Health Law § 12-b [2]). Defendant contends that County Court erred in refusing to suppress his statements to investigators from the Attorney General's office on the ground that the statements were made in violation of his right to counsel. We reject that contention. "The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" (*People v Kuklinski,* 24 AD3d 1036, 1036 [2005], *lv denied* 7 NY3d 758 [2006]). Here, the record supports the court's determination that the comments of defendant that his union representative and a friend who is a sheriff's deputy advised him not to speak to the police and his comment that he did not have an attorney and could not afford one did not constitute an unequivocal assertion of his right to counsel (*see generally People v Glover,* 87 NY2d 838 [1995]; *People v Fridman,* 71 NY2d 845 [1988]; *People v Hicks,* 69 NY2d 969 [1987], *rearg denied* 70 NY2d 796 [1987]; *People v Dehmler,* 188 AD2d 1056 [1992], *lv denied* 81 NY2d 1013 [1993]). Following those comments, defendant " 'clearly and unambiguously' expressed his desire to continue the interview without the assistance of counsel" (*People v Twillie,* 28 AD3d 1236, 1237 [2006], *lv denied* 7 NY3d 795 [2006], quoting *Glover*, 87 NY2d at 839).

We also reject defendant's contention that the court abused its discretion in refusing to give a missing witness charge. "[D]efendant did not establish that [the missing witness in question] was in a position to see or hear any of the events at issue, and thus to provide material testimony as to whether or not they occurred" (*People v Ortiz,* 44 AD3d 364, 365 [2007], *lv denied* 9 NY3d 1008 [2007]; *see People v Pereau,* 45 AD3d 978, 981 [2007], *lv denied* 9 NY3d 1037 [2008]). Present—Hurlbutt, J.P., Centra, Peradotto, Green and Gorski, JJ.