THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARSKI, Appellant. [886 NYS2d 285]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered May 30, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). We agree with defendant that his waiver of the right to appeal is invalid inasmuch as the record fails to "establish that [he] understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (*People v*

*Lopez*, 6 NY3d 248, 256 [2006]; *see People v Cain*, 29 AD3d 1157 [2006]; *People v Popson*, 28 AD3d 870 [2006]). The contention of defendant that he was denied his right to effective assistance of counsel therefore survives the invalid waiver of the right to appeal (*see People v Campbell*, 62 AD3d 1265 [2009]), and it survives the plea to the extent that he contends that the plea was infected by the alleged ineffective assistance of counsel (*see People v Gimenez*, 59 AD3d 1088 [2009], *lv denied* 12 NY3d 816 [2009]; *cf. People v Oliveri*, 49 AD3d 1208, 1209 [2008]). We nevertheless conclude, however, that defendant's contention lacks merit (*see People v Gross*, 50 AD3d 1577 [2008]; *see generally People v Ford*, 86 NY2d 397, 404 [1995]).

Although the further contention of defendant that County Court erred in refusing to suppress his statement to the police on the ground that the statement was made in violation of his right to counsel survives the invalid waiver of the right to appeal (*see People v Ortiz*, 46 AD3d 1409, 1409-1410 [2007], *lv denied* 10 NY3d 769 [2008]), we conclude that it is without merit. " 'The suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record' " (*People v Twillie*, 28 AD3d 1236, 1237 [2006], *lv denied* 7 NY3d 795 [2006]). The record of the suppression hearing establishes that, after defendant was informed of his *Miranda* rights at the police station and that he had been implicated in a robbery, defendant asked the investigator, "should I get a lawyer?" The record supports the court's determination that defendant's question "was not an unequivocal assertion of [defendant's] right to counsel when viewed in context of the totality of circumstances, particularly with respect to events following the comment itself" (*People v Powell*, 304 AD2d 410, 411 [2003], *lv denied* 1 NY3d 578 [2003]; *see People v Glover*, 87 NY2d 838, 839 [1995]). Indeed, following defendant's question, the investigator informed defendant that he could not answer that question, that defendant must make that decision himself, and that he could not provide advice to defendant with respect to that question. Although defendant was silent for several minutes, he then admitted that he had committed the crime. We conclude that defendant thereby "clearly and unambiguously" expressed his desire to continue the interview without the assistance of counsel and thus did not unequivocally invoke his right to counsel before making his statement to the police such that his right to counsel attached (*Glover*, 87 NY2d at 839; *see People v Kuklinski*, 24 AD3d 1036 [2005], *lv denied* 7 NY3d 758, 814 [2006]; *Powell*, 304 AD2d at 410-411).

Defendant failed to preserve for our review his further conten-

tion that the plea was involuntarily entered inasmuch as he failed to move to withdraw the plea or to vacate the judgment of conviction (*see People v Kuras*, 49 AD3d 1196 [2008], *lv denied* 10 NY3d 866 [2008]), and this case does not fall within the narrow exception to the preservation doctrine (*see People v Lopez*, 71 NY2d 662, 666 [1988]). Finally, the further contention of defendant that the court abused its discretion in denying his request for youthful offender status is without merit. Defendant was convicted of an armed felony (*see* CPL 1.20 [41] [b]), and there were no "mitigating circumstances that [bore] directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]; *see* CPL 720.10 [2] [a] [ii]; *People v Crawford*, 55 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 896 [2008]; *People v Lockwood*, 283 AD2d 987 [2001]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.