# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

617
KA 10-01579
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

CHARLES KURKOWSKI, DEFENDANT-APPELLANT.

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHELLE L. CIANCIOSA OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered June 22, 2010. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [4] [reckless assault]), defendant contends that County Court erred in considering assault in the second degree as a lesser included offense of assault in the first degree (§ 120.10 [1] [intentional assault]). We reject that contention. Inasmuch as "the result and underlying conduct of [reckless assault] and [intentional assault are] identical and the only distinction between the two crimes [is] the mental state of the defendant, it is, within the meaning of CPL 1.20 [37] and CPL 300.50, impossible to commit the latter without concomitantly committing the former" (*People v Green*, 56 NY2d 427, 432, *rearg denied* 57 NY2d 775). Thus, contrary to defendant's further contentions, the conviction is not jurisdictionally defective and defense counsel was not ineffective in failing to object to the court's consideration of the lesser included offense. Although we agree with defendant that the court failed to comply with CPL 320.20 (5) because it did not notify the parties that it intended to consider a lesser included offense until after summations, we conclude that such error is harmless (*see People v Harvey*, 249 AD2d 951; *People v Kloska*, 191 AD2d 587; *see generally People v Crimmins*, 36 NY2d 230, 241-242). The theory of the defense was that defendant was not the perpetrator, a theory that applies equally to the offenses of assault in the first degree and assault in the second degree (*see Harvey*, 249 AD2d 951; *People v Peterkin*, 195 AD2d 1015, *lv denied* 82 NY2d 758). Further,

the court offered defense counsel the opportunity to reopen summations for the purpose of addressing the lesser included offense, thus alleviating any possible prejudice to defendant (*see Harvey*, 249 AD2d 951; *Peterkin*, 195 AD2d 1015).

Finally, we conclude that the sentence is not unduly harsh or severe, particularly in light of the serious nature of defendant's conduct and the severe and permanent injuries sustained by the victim.

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court