# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1038

KA 08-01709

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.


THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MICHAEL C. LUGO, DEFENDANT-APPELLANT.


BRIDGET L. FIELD, BATAVIA, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Dennis S.
Cohen, A.J.), rendered June 13, 2008. The judgment convicted
defendant, upon a jury verdict, of burglary in the first degree and
criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
upon a jury verdict, of burglary in the first degree (Penal Law §
140.30 [4]) and criminal possession of a weapon in the second degree
(§ 265.03 [3]). Contrary to defendant's contention, the People laid a
proper foundation for the admission in evidence of a recording of the
911 call made by the victim. The victim testified at trial that the
recording was "a complete and accurate reproduction of the [911 call]
and [that it had] not been altered" (*People v Ely*, 68 NY2d 520, 527;
*see People v Hurlbert*, 81 AD3d 1430, 1431, *lv denied* 16 NY3d 896). We
reject defendant's further contention that County Court erred in
finding the recording of the 911 call sufficiently audible to warrant
its admission in evidence (*see People v Rivera*, 257 AD2d 172, 176,
*affd* 94 NY2d 908; *People v Cleveland*, 273 AD2d 787, *lv denied* 95 NY2d
864).

Defendant contends that the admission in evidence of his
codefendant's statements to the victims through their testimony and
the recording of the 911 call violated his right of confrontation
under *Crawford v Washington* (541 US 36), inasmuch as the codefendant
did not testify. We reject that contention because the codefendant's
statements "were not themselves testimonial in nature" (*People v
Robles*, 72 AD3d 1520, 1521, *lv denied* 15 NY3d 777; *see generally
Crawford*, 541 US at 51-54; *People v Goldstein*, 6 NY3d 119, 128-129,
*cert denied* 547 US 1159). We further conclude that there was no
violation of defendant's rights under *Bruton v United States* (391 US

123).

Defendant failed to preserve for our review his contention that the court failed to comply with CPL 300.10 (4) by failing to inform the parties of the charges to be submitted to the jury until after summations. In any event, we conclude that such error is harmless (*see People v Miller*, 70 NY2d 903, 907). The theory of the defense on summation was that the victims were not credible, "a theory that applies equally to the offenses" of burglary in the first degree and the lesser included offense of criminal trespass in the second degree under Penal Law § 140.15 (1) (*People v Kurkowski*, 83 AD3d 1595, 1596, *lv denied* 16 NY3d 896; *see People v Harvey*, 249 AD2d 951, 951). In addition, "the court offered defense counsel the opportunity to reopen summations [after it granted defendant's request to charge that] lesser included offense, thus alleviating any possible prejudice to defendant" (*Kurkowski*, 83 AD3d at 1595; *see People v Boisseau*, 193 AD2d 517, *lv denied* 81 NY2d 1070).

Defendant further contends that the burglary conviction is not supported by legally sufficient evidence because the People failed to establish his intent to commit a crime in the victims' apartment. That contention is not preserved for our review inasmuch as defendant failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we conclude that the evidence is legally sufficient to establish defendant's intent to commit a crime within the dwelling (*see* Penal Law § 140.30 [4]; *see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the burglary count as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to that count is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, the court did not abuse its discretion in denying his request for youthful offender status. Defendant was convicted of two armed felonies (*see* CPL 1.20 [41]; Penal Law § 140.30 [4]; § 265.03 [3]), and thus he was eligible to be adjudicated a youthful offender only if the court determined that there were "mitigating circumstances that bear directly upon the manner in which the crime[s were] committed; or . . .[, inasmuch as] defendant was not the sole participant in the crime, [that] defendant's participation was relatively minor" (CPL 720.10 [3]; *see* CPL 720.10 [2] [a] [ii]; *People v Crawford*, 55 AD3d 1335, 1336, *lv denied* 11 NY3d 896). " 'Here, the defendant offered the . . . court no evidence of mitigating circumstances relating to the manner in which the subject [crimes were] committed, and his role in the [crimes] was not minor' " (*Crawford*, 55 AD3d at 1336; *see People v Parker*, 67 AD3d 1405, *lv denied* 15 NY3d 755; *People v Barski*, 66 AD3d 1381, 1383, *lv denied* 13 NY3d 905). Thus, defendant was not eligible to be adjudicated a youthful offender (*see* CPL 720.10 [3]; *Crawford*, 55 AD3d at 1336).

Finally, we conclude that the sentence is not unduly harsh or severe, particularly in light of the serious nature of defendant's conduct.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court