# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**332**

**KA 12-00342**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM MIDDLEBROOKS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID PANEPINTO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered January 30, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (three counts) and robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, three counts of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in failing to make a youthful offender determination. We reject that contention. The Court of Appeals recently held that, "*where a defendant is eligible to be treated as a youthful offender*, the sentencing court 'must' determine whether he or she is to be so treated[,] . . . even where defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request" (*People v Rudolph*, 21 NY3d 497, 499, quoting CPL 720.20 [1] [emphasis added]). According to the Court of Appeals, "the legislature's use of the word 'must' in this context . . . reflect[s] a policy choice that there be a youthful offender determination *in every case where the defendant is eligible*" (*id.* at 501 [emphasis added]). Pursuant to the statute, "a defendant is 'eligible' for youthful offender status if he or she was younger than 19 at the time of the crime, *unless the crime is one of several serious felonies excluded by the statute*, or unless defendant has a prior felony conviction or has been adjudicated a youthful offender in a previous case" (*id.* at 500 [emphasis added]; *see* CPL 720.10 [1], [2]).

In this case, defendant was convicted of robbery in the first degree, which is an "armed felony" for purposes of the youthful offender statute (CPL 720.10 [2] [a]; *see* CPL 1.20 [41]; Penal Law §§

70.02, 160.15 [4]).  Defendant therefore is "eligible to be adjudicated a youthful offender *only if* the court determined that there were 'mitigating circumstances that bear directly upon the manner in which the crime[s were] committed; or . . . [, inasmuch as] defendant was not the sole participant in the crime[s], [that] defendant's participation was relatively minor' " (*People v Lugo*, 87 AD3d 1403, 1405, *lv denied* 18 NY3d 860, quoting CPL 720.10 [3]).  Here, defendant offered no evidence of mitigating circumstances relating to the manner in which the robberies were committed, nor did he specify any facts indicating that his participation in those crimes was "relatively minor" (CPL 720.10 [3]).  Defendant did not dispute the circumstances of the crimes as alleged and, given that defendant's DNA was found on the duct tape used to restrain at least nine victims and the handcuffs used to restrain another victim, there was no basis for the court itself to conclude that defendant was a minor participant in the crimes.  Because defendant was not eligible for youthful offender treatment, the court did not err in failing to make a youthful offender determination (*see People v Frontuto*, 114 AD3d 1271, 1271-1272; *see also People v Watts*, 91 AD3d 678, 679, *lv denied* 18 NY3d 963; *Lugo*, 87 AD3d at 1405; *cf. Rudolph*, 21 NY3d at 499).

Finally, contrary to defendant's contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (*see generally People v Lopez*, 6 NY3d 248, 256), and that valid waiver forecloses any challenge by defendant to the severity of the bargained-for sentence (*see id.* at 255; *see also People v Vincent*, 114 AD3d 1171, ___; *People v Williams*, 49 AD3d 1280, 1280; *see generally People v Lococo*, 92 NY2d 825, 827).

Entered:  May 2, 2014                            Frances E. Cafarell
                                                 Clerk of the Court