People v Middlebrooks (2018 NY Slip Op 08787)





People v Middlebrooks


2018 NY Slip Op 08787


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1075 KA 16-00217

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM MIDDLEBROOKS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered January 30, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree (three counts) and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted upon his plea of guilty of, inter alia, three counts of robbery in the first degree (Penal Law
§ 160.15 [4]) and, as a condition of the plea, validly waived his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]). On a prior appeal from the judgment, we concluded that County Court did not err in failing to make any youthful offender determination because, having been convicted of an armed felony, defendant was eligible to be adjudicated a youthful offender only if the court determined that one or more of the CPL 720.10 (3) factors were present, and defendant had offered no evidence of the presence of those factors (People v Middlebrooks, 117 AD3d 1445, 1446-1447 [4th Dept 2014]). The Court of Appeals reversed our order, holding in pertinent part that, "when a defendant has been convicted of an armed felony . . . pursuant to CPL 720.10 (2) (a) (ii) . . . , and the only barrier to his or her youthful offender eligibility is that conviction, the court is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)" (People v Middlebrooks, 25 NY3d 516, 527 [2015]). Upon remittal, County Court determined on the record that defendant was not an eligible youth because neither of the factors set forth in CPL 720.10 (3) was present in this case and, therefore, that defendant is not eligible for a youthful offender adjudication.
Although the valid waiver of the right to appeal did not foreclose review of the court's initial failure to consider defendant's eligibility for adjudication as a youthful offender, the waiver forecloses defendant's challenge to the court's discretionary determination that defendant is not an eligible youth inasmuch as the court considered the CPL 720.10 (3) factors on the record before continuing the sentence (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Simmons, 159 AD3d 1270, 1271 [3d Dept 2018]; People v King, 151 AD3d 1651, 1652 [4th Dept 2017], lv denied 30 NY3d 951 [2017]). The valid waiver of the right to appeal also forecloses review of defendant's request that we exercise our interest of justice jurisdiction to determine that the CPL 720.10 (3) factors exist and to adjudicate him a youthful offender (see People v Torres, 110 AD3d 1119, 1119 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]; People v Wilson, 306 AD2d 212, 212 [1st Dept 2003], lv denied 100 NY2d 646 [2003]; see generally Lopez, 6 NY3d at 255).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court