People v Dearmas (2023 NY Slip Op 03993)

People v Dearmas

2023 NY Slip Op 03993

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

263 KA 19-00445

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RACIEL DEARMAS, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered February 5, 2019. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]). Preliminarily, as defendant contends and the People correctly concede, the record does not establish that defendant validly waived his right to appeal. Supreme Court's "oral waiver colloquy and the written waiver signed by defendant together 'mischaracterized the nature of the right that defendant was being asked to cede, portraying the waiver as an absolute bar to defendant taking an appeal and the attendant rights to counsel and poor person relief, as well as a bar to all postconviction relief, and there is no clarifying language in either the oral or written waiver indicating that appellate review remained available for certain issues' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Shanks, 37 NY3d 244, 253 [2021]; People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Although we are thus not precluded from reviewing defendant's contention that the court erred in refusing to suppress video-recorded statements that he made to the police after he purportedly invoked his right to counsel (see People v Barski, 66 AD3d 1381, 1382 [4th Dept 2009], lv denied 13 NY3d 905 [2009]), we nonetheless reject that contention. " '[V]iewed in context of the totality of circumstances' " (People v Twillie, 28 AD3d 1236, 1237 [4th Dept 2006], lv denied 7 NY3d 795 [2006]), including defendant's demeanor, manner of expression, and the particular words he used (see People v Glover, 87 NY2d 838, 839 [1995]), we conclude that defendant's remarks did not constitute an unequivocal invocation of his right to counsel. Defendant's "comment that he was going to speak with a lawyer was not an assertion of a desire not to respond to questions without counsel and at most manifested a desire to consult with an attorney" about certain issues related to the availability of a plea agreement (People v Carrier, 270 AD2d 800, 801 [4th Dept 2000], lv denied 95 NY2d 864 [2000] [internal quotation marks omitted]; see People v Ibarrondo, 208 AD3d 1647, 1648 [4th Dept 2022], lv denied 39 NY3d 1111 [2023]; see generally People v Fridman, 71 NY2d 845, 846 [1988]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court